Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000502
08-JUN-2018
08:34 AM

NO. CAAP-16-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEREK MARK CAVILLIS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 15-1-002K (FC-CR. NO. 09-1-0159K))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Petitioner-Appellant Derek Mark Cavillis (Cavillis) appeals from the Circuit Court of the Third Circuit's[1] (Circuit Court) June 7, 2016 Order Denying Rule 40 Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody (Order). The Circuit Court denied the petition after holding an evidentiary hearing on May 18, 2016.

On appeal, Cavillis contends the Circuit Court erred by denying his Hawai'i Rules of Penal Procedure Rule 40 Petition For Post-Conviction Relief (Petition) because he received ineffective assistance of counsel at trial in violation of his constitutional rights.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Cavillis's points on appeal as follows and affirm.

> When reviewing a claim of ineffective assistance of counsel, this court looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden

---

[1] The Honorable Melvin H. Fujino presided.

of establishing ineffective assistance of counsel and must meet the following two-part test:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.  To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense.  A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (citations and quotation marks omitted).  Here, Cavillis does not designate any of the Circuit Court's findings, included in the Order, as points on appeal.  Thus, they are binding on this court and the issue is whether, under the facts as found, Cavillis met his burden to show ineffective assistance of counsel.  State v. Kekona, 77 Hawai'i 403, 406, 886 P.2d 740, 743 (1994).

Cavillis argues his trial counsel was ineffective for "deciding not to present a defense case-in-chief"; that is to say, trial counsel decided not to call any of the defense witnesses he had subpoenaed.  The Circuit Court found that trial counsel credibly testified that,

he decided not to call witnesses because he believed the only chance of success once the [complaining witnesses'] videotapes were introduced was to appeal and he believed not calling witnesses would strengthen his chance of prevailing on appeal.  [Trial counsel] also testified that he did not want to see the child complainants testify again and he believed that by not putting on a case, the State would have no chance to call the complainants again in rebuttal.[2]

The Circuit Court also found "that [trial counsel's] decisions were strategic decisions which had a tactical bases [sic] for benefitting [Cavillis's] case."  It is well-established that the decision of whether to call witnesses in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight.  State v. Richie, 88 Hawai'i 19, 40, 960 P.2d 1227, 1248 (1998) (quoting State v. Aplaca, 74 Haw. 54, 70, 837 P.2d 1298, 1307 (1992).

---

[2]    Trial counsel testified at the evidentiary hearing on the Petition that, at the end of the State's case in the criminal trial, the trial court had admitted videotapes of the two complaining witnesses after they had already testified.

2

Moreover, the Circuit Court found that trial counsel "told [Cavillis] it was up to him if he wants to testify or not" and Cavillis chose not to testify.

Therefore, the Circuit Court did not err in denying Cavillis's Petition because he failed to meet his burden of demonstrating that trial counsel made specific errors or omissions reflecting his lack of skill, judgment, or diligence. Wakisaka, 102 Hawai'i at 513-14, 78 P.3d at 326-27.

For the foregoing reasons, we affirm the June 7, 2016 Order Denying Rule 40 Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody entered by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawai'i, June 8, 2018.

On the briefs:

Dean T. Kauka,
for Petitioner-Appellant.

Chief Judge

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Respondent-Appellee.

Associate Judge

Associate Judge

3